**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
EASTERN DIVISION

| | | |
|---|---|---|
| In Re | ) | |
|     Helen Yi | ) | |
| | ) | Bankruptcy No. __15-30747__ |
| | ) | |
|                Debtor. | ) | Chapter __7__ |

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION**
**(IN CASES UNDER CHAPTERS 7, 11 AND 12)**

Name of Applicant: __Bruce de'Medici__

Authorized to Provide Professional Services to: __N. Neville Reid, as Chapter 7 Trustee__

Date of Order Authorizing Employment: __April 12, 2016__

Period for Which Compensation is Sought:
From __April 3__, __2016__ through __February 2__, __2018__

Amount of Fees Sought: $ __15,290.00__

Amount of Expense Reimbursement Sought: $ __18.40__

This is an:     Interim Application _____     Final Application __✓__

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| | | | | |

Dated: __April 3, 2018__            __/s/ N. Neville Reid__
                                                                                                 (Counsel)

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: ) | Case No. 15-30747 |
| ) | |
| HELEN YI, ) | Chapter 7 |
| ) | |
| Debtor. ) | Hon. Janet S. Baer |
| ) | |
| ) | **Date: April 25, 2018** |
| | **Time: 9:30 a.m.** |

## NOTICE OF FINAL APPLICATION OF COUNSEL FOR TRUSTEE
## FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND COSTS

PLEASE TAKE NOTICE that on **Wednesday, April 25, 2018 at 9:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Janet S. Baer, or any judge sitting in her stead, in Courtroom 615, in the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, and present the **Final Application of Counsel for Trustee For Allowance and Payment of Compensation and Costs,** at which time and place you may appear as you see fit.

Dated:  April 3, 2018                                                    **BRUCE de'MEDICI,**

                                                                                         *By:*      */s/ Bruce de'Medici*
                                                                                               Counsel to the Trustee

Bruce de'Medici
834 Forest Avenue
Oak Park, Illinois 60302
Tel: 312.731.6778

*Counsel to N. Neville Reid, the Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I, N. Neville Reid, certify that on April 3, 2018, I caused a copy of the foregoing **Final Application of Counsel for Trustee for Allowance and Payment of Compensation and Costs,** to be filed electronically, with a copy of same being served upon the parties listed on the attached Service List by the Court's ECF filing system or by postage prepaid first-class U.S. Mail, as indicated.

                                                  */s/ N. Neville Reid*
                                                  N. Neville Reid

## **SERVICE LIST**

**Parties to receive notice electronically via CM/ECF:**

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Joseph Wrobel, Counsel to the Debtor
josephwrobel@chicagobankruptcy.com

**Party to receive notice via postage-prepaid first class U.S. mail:**

HELEN YI
1001 W. 15TH STREET #239
CHICAGO, IL  60608


Illinois Department of Revenue
PO Box 64338
Chicago, IL 60664-0338


American Infosource LP As Agent for
T Mobile/T-Mobile USA Inc.
PO Box 248848
Oklahoma City, OK 73124-8848

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 15-30747 |
| | ) | |
| HELEN YI, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Hon. Janet S. Baer |
| | ) | |
| | ) | **Date: April 25, 2018**<br>**Time: 9:30 a.m.** |

**FINAL APPLICATION OF COUNSEL
FOR TRUSTEE FOR ALLOWANCE AND PAYMENT
OF COMPENSATION AND COSTS**

Bruce de'Medici (the "Applicant"), for services rendered to N. Neville Reid in his capacity as trustee of the estate of Helen Yi, respectfully submits this final application for: (i) allowance and payment of compensation of $15,290 and reimbursement of costs of $18.40 pursuant to sections 330(a) and 503(b) of the United States Bankruptcy Code, 11 U.S.C. §101, *et seq*., and (ii) authorization to the Trustee to remit payment of the allowed amounts of compensation and costs, and states in support as follows:

**I
STATEMENT IN SUPPORT OF
APPLICATION OF BRUCE DE'MEDICI FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES**

A.   US TRUSTEE GUIDELINES AND 28 C.F.R. PART 58, APPENDIX A.

**Case Background:**
(i)   Case and applicant information:

| NAME OF APPLICANT | Bruce de'Medici |
|---|---|
| PETITION DATE | 9/9/15 |
| DATE OF ORDER APPROVING EMPLOYMENT | 4/12/16 |
| NAME OF CLIENT | N. Neville Reid/trustee |
| SEEKING COMPENSATION | Pursuant to 11 U.S.C. §§330(a) and 503(b) |

(ii)    Terms/conditions of employment

The estate employed the Applicant at his hourly rate and pursuant to 11 U.S.C. §327(a). The application before the Court does not include any time for which the Court previously entered an award or the estate remitted payment. The Applicant did not seek and the estate did not provide or pay any retainer. The Trustee did not 'promise' any payments to the Applicant outside of advising him that he would have the right to seek compensation and reimbursement of costs pursuant to 11 U.S.C. §§330(a) and 503(b) out of funds of the estate. The Applicant's request is not subject to any budgets, caps, or limitations on fees or costs.

(iii)   Summary of timekeepers:

| NAME | ADMISSION IL | FEES BILLED | HOURS BILLED | HOURLY RATE |
|---|---|---|---|---|
| Bruce de'Medici | 1983 in IL | $15,090 | 31.4 | $475/$500 |
| Sean Dadban | 2014 | $200 | 1 | $200 |

The Applicant's hourly rate (including the rate for Sean Dadban) is based upon customary compensation charged by comparably skilled practitioners in bankruptcy cases. Except for the one entry for Mr. Dadban notated in the time billings attached as Exhibit B, Bruce de'Medici is the timekeeper for each entry in the attached billings.

(iv)   Application information:

This is a final application. Prior applications and dates of orders appear below: none

(v)    Client review and approval

The Trustee has been given the opportunity to review this application and approve the amount of compensation requested herein.

**Case Status:**

| MONEYS RECEIVED | $33,208 |
|---|---|
| MONEYS DISBURSED | -0- |
| EXPECTED CLOSING DATE | Spring 2018 |
| CASH ON DEPOSIT | Approx. $33,208 |

2

| ACCRUED ADMINISTRATIVE EXPENSES | Trustee compensation and Applicant's fees requested herein |
|---|---|
| UNENCUMBERED FUNDS IN THE ESTATE | The funds on deposit are unencumbered |

B.   PROJECT SUMMARY

1. The services underlying this Application concern the Trustee's employment of professionals and recovery of the interests of the estate in net proceeds from the sale by the Debtor and her spouse of their residence. The Trustee instructed the Applicant to pursue this recovery and the Applicant prepared pleadings and appeared in both this Court and in the Circuit Court (in the Debtor's marital dissolution proceeding) to obtain that recovery.

2. The Debtor and her husband had placed the net proceeds with the husband's counsel in the marital dissolution proceeding to be held pending further order of the Circuit Court. The Applicant prosecuted a petition to intervene in the marital dissolution and appeared to prevent the Debtor's husband from (i) forcing an accelerated evidentiary hearing for the husband to obtain an inappropriate share of the net proceeds (to the detriment of the bankruptcy estate) and (ii) at the hearing introducing factual representations by his counsel as dispositive determinations of disputed and material facts. The Applicant informed the Circuit Court of the structure of automatic stay, the limitations of the modification of the automatic stay that the husband had obtained earlier in time, the interests of the bankruptcy estate in the net proceeds, and the need for an orderly adjudication of the factual disputes between the Debtor and her husband (including the claims of the husband to greater than fifty percent of the net proceeds).

3. The Applicant prepared a complaint for turnover in this Court, and after this Court entered a new order modifying the automatic stay to permit adjudication of issues in the Circuit Court, the Applicant appeared at a succeeding hearing before the Circuit Court and negotiated with the husband (and the Debtor's counsel in the marital dissolution) for the bankruptcy estate

3

to receive fifty percent of the net proceeds (without having to bind that resolution to resolution of the ongoing disputes between the Debtor and her husband over claims to child support and of marital dissipation).  Through this resolution, the Applicant spared the fees of having to defend the interests of the bankruptcy estate through the resolution of the foregoing issues between the Debtor and her husband.

4.     The Applicant has financed the estate through his services and has done so to protect the interests of the estate.  The Applicant has not billed for all of the communications in which he has engaged with the Trustee and parties in interest concerning this case or for all of the time that he has devoted to researching and analyzing issues that arose in this case, and not billed for all court appearances..

5.     In compliance with the applicable standards for the preparation of fee applications, the Applicant has set forth the time that he devoted to the foregoing, a narrative of the matters that are involved, and the benefit and results for the estate.  Additionally, the Applicant has included herein detailed time records in chronological order for each category of service.

6.     The Applicant's services have been productive and necessary for the Trustee's obligation to recover and administer assets of the estate, and in providing them the Applicant has provided a service to the Trustee and the estate.  These services have been beneficial to the estate and the Applicant is entitled to be compensated for them.  The Applicant submits that his billing is reasonable for the services involved and the comparable billing of other professionals at his level.

Employment of Professionals

7. The Applicant seeks allowance and payment for .8 hours in performing services under this category, at a value of $380. A copy of the entries for these services is included within Exhibit "A".

8. Pursuant to 11 U.S.C. §327, the Trustee was required to obtain authority from this Court to retain counsel. At the Trustee's direction, the Applicant prepared the appropriate application for the Trustee to be authorized to engage counsel. This Court entered its order granting the application and authorizing the Trustee to engage counsel. The Applicant's services on this were necessary for the Trustee to comply with his obligations under the Bankruptcy Code and were beneficial to the estate.

## Liquidation of Assets

9. The Applicant seeks allowance and payment for 30.3 hours in performing services under this category, at a value of $14,260. A copy of the entries for these services is included within Exhibit "B".

10. As noted above, the Applicant provided services to the Trustee relative to protecting the interests of the estate in its share of the net proceeds from the sale by the Debtor and her husband of their former marital residence. To provide these services, the Applicant filed a petition to intervene in the marital dissolution proceeding and thereafter a motion for turnover of the bankruptcy estate's share of the net sale proceeds. Earlier in time, this Court had entered an order modifying the automatic stay in favor of the Debtor's husband to enable his counsel to release certain of the net sale proceeds to him. (Dkt. #28, entered February 17, 2016).

11. On the basis of this Court's February 2016 Order, the Debtor's husband filed a motion in the Circuit Court for an order awarding him net sale proceeds in excess of the amount stated in that Order and sought a summary hearing on short notice for complex factual issues that

underlied that motion. In pertinent part, counsel for the Debtor's husband alleged that the Debtor had caused dissipation during the marriage and asserted that this supported a distribution to him of more than one/half of the net sale proceeds and also sought an award of fees (for his counsel) out of the net sale proceeds prior to an allocation of the proceeds between the husband and the Debtor; counsel did not seem to apprehend that a distribution on the Debtor's account was to be paid to the Trustee. Counsel for the Debtor's husband sought to establish a factual record before the Circuit Court for the foregoing solely on the basis of her representations and to do so on notice of a few days and functionally with no documents to support the allegations of the Debtor's husband. The Applicant responded by arguing to the Circuit Court that the scope of this Court's February order did not extend to the relief that the Debtor's husband sought and because of this, the Circuit Court refrained from adjudicating the motion by the Debtor's husband. Absent the Applicant's actions in this regard, the Circuit Court would have conducted the hearing and ostensibly been willing to accept the undocumented representations by counsel for the Debtor's husband as a satisfactory and compelling basis for determining the material and disputed facts as counsel represented them.

12.     The Applicant filed the complaint for turnover in this Court, to adjudicate the entitlement of the bankruptcy estate in the net sale proceeds before this Court. As noted above, the Debtor's husband accused the Debtor of dissipation and maintained that this impacted the allocation of the net sale proceeds; the Debtor contested the accusation of dissipation. Also, the Debtor articulated that she was entitled to assert a claim for child support out of her husband's share of the net sale proceeds; her husband claimed that her conduct in operating her business during their marriage obviated any obligation for his payment of child support. These competing claims complicated the discussions between the Applicant, the Debtor, and her husband about an

amicable resolution of the bankruptcy estate's entitlement to a share of the net sale proceeds. The Applicant commenced the adversary proceeding in this Court to adjudicate the foregoing within the boundaries of 11 U.S.C. §362 and in an orderly fashion, and with the opportunity to properly develop the pertinent factual record underlying the competing versions of the Debtor and her husband of their respective history of conduct that might impact an allocation of respective entitlement to net sale proceeds.

13. After this Court entered its August 16, 2017, order modifying the automatic stay (granting a broader scope of the modification and thus allowing the Circuit Court to adjudicate the foregoing issues and other issues that might arise for the determination of the entitlement of the Debtor's husband and the bankruptcy estate in the net sale proceeds), the Applicant appeared in the marital dissolution and again engaged in discussion with the Debtor's Circuit Court counsel and the Debtor's husband concerning the foregoing issues. Out of these discussions, the Debtor and her husband agreed to (i) allocate one/half of the net sale proceeds to the bankruptcy estate and (ii) adjudicate the remaining issues between the Debtor and her husband against the balance of the sale proceeds remaining *after* the distribution of the one/half to the Trustee. This result enabled the bankruptcy estate to receive its entitlement to one/half of the net sale proceeds without having to incur the additional fees of further litigation in the Circuit Court. The Applicant achieved this through constructive dialogue with the Debtor, her Circuit Court counsel (after he appeared and outside of proceedings before this Court), and the Debtor's husband.

14. All of these services were necessary for the Trustee to administer the estate in this case and to address issues that the Debtor and her husband placed before this Court. The Applicant's services underlied the bankruptcy estate obtaining its share of the net sale proceeds and thus benefitted the estate.

### Preparation of Fee Application

15.     The Applicant is billing 1.3 hours in performing services under this category, at a value of $650. The Applicant is entitled to be compensated for these services. A copy of the entries for these services is included within Exhibit "C".

16.     In preparing this application, Bruce de'Medici complied with the standards which are set forth in the opinions in *In re Continental Illinois Securities Litigation*, 572 F.Supp. 931 (N.D. Ill. 1983), *In re Pettibone Corp.*, 74 B.R. 293 (Bankr. N.D. Ill. 1987) and *In re Wildman*, 72 B.R. 700 (Bankr. N.D. Ill. 1987), Local Rule 5082-1, and the guidelines of the Office of the United States Trustee. The Applicant is entitled to be compensated for preparing the application, in accordance with *In re Alberto*, 121 B.R. 531 (Bankr. N.D. Ill. 1990) and *In re NuCorp Energy, Inc.*, 764 F.2d 655 (9th Cir. 1985).

## II
## STANDARDS FOR
## ALLOWANCE OF COMPENSATION

A.     STANDARDS FOR DETERMINING ALLOWANCE

17.     In relevant part, section 330 of the Bankruptcy Code provides as follows:

(a)(1) After notice . . . the court may award to . . . a professional person employed under section 327 or 1103 —

    (A) reasonable compensation for actual, necessary services rendered by . . . such person; and

    (B) reimbursement for actual, necessary expenses.

11 U.S.C. §330(a)(1).

18.     Pursuant to 11 U.S.C. §330, professionals applying for fees must demonstrate that their services were actual, necessary, and reasonable. Bankruptcy Rule 2016, in turn, requires that "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed

8

statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016.

19. To be compensable, services that professionals render to an estate must be reasonable and the Court has a duty to examine the reasonableness of the fees that a professional requests. *In re McNichols*, 258 B.R. 892, 904 (Bankr. N.D. Ill. 2001) (Squires, J.) (citing *In re Wyslak*, 94 B.R. 540 (N.D. Ill. 1988) and *In re Chicago Lutheran Hosp.*, 89 B.R 719, 734-35 (Bankr. N.D. Ill 1988)). In bankruptcy matters, the Bankruptcy Court is the fact-finder and it determines the reasonableness of compensation for which a professional seeks allowance and expenses for which a peofessional seeks reimbursement. *In re Kenneth Leventhal*, 19 F.3d 1174, 1177 (7th Cir. 1994) (cited *In re River Rd. Hotel Partners, LLC*, 536 B.R. 228, 235 (Bankr. N.D. Ill., 2015)). The professional requesting the fees bears the burden of proof. *River Road,* 536 B.R. at 235 (citing generally, *inter alia*, to *Leventhal*, 19 F.3d at 1177, where the Court noted that the accounting firm applying for compensation "had the burden to prove that it was entitled to the fees and expenses identified in its application."). In assessing the reasonableness of attorneys' fees under 11 U.S.C. §330 in *McNichols*, Judge Squires considered the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*McNichols*, 258 B.R. at 904-05.

20. Regardless of the significance of certain individual factors in determining the value of professional services, the Court should primarily focus its attention upon the

9

reasonableness of the services provided to the estate. As the United States Court of Appeals for the First Circuit has recognized:

> [I]t is important for a court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation. It is easy to speculate that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner. On the other hand, it is also possible that [the debtor] would not have enjoyed the success it did had its counsel managed matters differently.

*In re Boston and Maine Corporation*, 776 F.2d 2, 10 (1st Cir. 1985) (quotations and citations omitted). The Seventh Circuit has recognized that the appropriate measure to determine the reasonableness of attorneys' fees is the market based approach. *See Steinlauf v. Continental Illinois Corp. (In the Matter of Continental Illinois Sec. Lit.*), 962 F.2d 566, 572 (7th Cir. 1992) (stating that the "object in awarding a reasonable attorneys' fee, as we have been at pains to stress, is to give the lawyer what he would have gotten in the way of a fee in an arms' length negotiation . . ."); see also *In re UNR Indus., Inc.,* 986 F.2d 207, 209 (7th Cir. 1993) (noting that Congress intended that compensation to professionals in bankruptcy cases would "be commensurate with the fees awarded for comparable services in non-bankruptcy cases."). Similarly, as Judge Squires reasoned, the Court should view "the attorney/client relationship as one in which the terms of the engagement should normally be upheld, including the fee arrangement, so as not to unduly intrude upon the bargain struck between the parties who have entered into an important professional relationship." *In re Famisaran*, 224 B.R. 886, 898 (Bankr. N.D. Ill. 1998) (Squires, J.). These factors should be applied to this application.

B. APPLICATION OF RELEVANT CRITERIA AND STANDARDS

21. In applying the criteria set forth above to this request for compensation, the Court should consider the effort required and expended by the Applicant, the reasonableness of the services rendered, the commensurability of the Applicant's billing rates to the rates charged in

10

the local market, and the results achieved. All of the services performed by the Applicant were required for the proper representation of the Trustee in this case, authorized by the Court, and performed by the Applicant at the request and direction of the Trustee. Pursuant to 11 U.S.C. §331 and the generally applicable criteria of the time, nature, extent, and value of the services performed, all of the Applicant's services are compensable. The Applicant's efforts in this case focus precluded the Applicant from taking on any other matters with pending or imminent deadlines.

22.   Further, the amount of services rendered by the Applicant to achieve the results obtained for the benefit of the estate are reasonable in light of the complexity of the issues involved in this case. The experience and expertise in bankruptcy cases and the quality of the services brought to this case by the Applicant further supports the requested compensation. The Applicant charges hourly rates that are comparable to the market for lawyers with the experience. Furthermore, the rates at which the Applicant seeks compensation are his standard hourly rates. The Applicant's hourly rates and hours for which compensation is sought are reasonable and appropriate. The compensation request is well within an acceptable range for comparable legal services in the Chicago metropolitan legal community and is eminently fair given the efforts required of the Applicant in this case.

### III
### COSTS

23.   The Applicant incurred costs in connection with rendering the services described above, for copying of $8.60 (paid to FedEx) and postage of $9.80. The aggregate costs are $18.40. The Applicant has attached copies of receipts within Exhibit "D". The Applicant also incurred cost of $200 for Sean Dadban to appear in court at the Daley Center. The Applicant paid that $200 and included the corresponding time entry within Exhibit ii.

## IV
## STATEMENT PURSUANT TO 11 U.S.C. §504
## AND FED. R. BANKR. P. 2016(a)

24. Except to the extent that under 11 U.S.C. §504(b)(1) a professional may share compensation, the Applicant has not agreed to share with any person, firm, or entity any award of fees which he may receive for having represented the Trustee in this case. Mr. Dadpan has been paid for his court appearance. There is no agreement between the Applicant and any other party for sharing compensation that this Court awards and the Trustee pays to the Applicant in this case.

## V
## REQUEST FOR RELIEF

WHEREFORE, Bruce de'Medici, as counsel for the trustee for Helen Yi, prays that pursuant to 11 U.S.C. §§330(a) and 503(b) this Court allow to Bruce de'Medici final compensation in the amount of $15,290 and reimbursement of costs of $18.40, authorize the Trustee to remit payment of the allowed amounts of compensation and costs, and grant such further relief as is just.

Dated: April 3, 2018

Respectfully Submitted,

**BRUCE de'MEDICI,**

By: */s/ Bruce de'Medici*
 Counsel to the Trustee

Bruce de'Medici #6184818
834 Forest Avenue
Oak Park | Illinois 60302
Tel: 312.731.6778

12

## Fee Breakdown

| CATEGORY | HOURS |
|---|---|
| Professionals | .8 |
| Liquidation of Assets | 30.3 |
| Fee Application | 1.3 |
| **TOTAL** | **32.4** |

| CATEGORY | FEES |
|---|---|
| Professionals | 380 |
| Liquidation of Assets | 14,260 |
| Fee Application | 650 |
| **TOTAL** | **15,290** |